## Gardner *against* Klinefelter.

If a sheriff take a bond for the amount of the purchase money of a tract of land sold upon an execution, he is not entitled to recover interest upon it from the purchaser, who was a judgment creditor of the defendant, as whose property the land was sold, and who ultimately was entitled to and received the money by a decree of the court.

ERROR to the Common Pleas of *York* county.

Adam Klinefelter against James Lewis, executor of John Gardner, deceased. *Scire facias* upon a judgment in which the parties stated the case as follows, and agreed to consider it as a special verdict:

John Gardner, the defendant's testator, bought at sheriff's sale, on the 3d April 1837, of Adam Klinefelter, the plaintiff, then sheriff of York county, the real estate of Michael Smith, for the sum of $1000, and executed for the said purchase money, to said Klinefelter, his bond, with warrant of attorney to confess judgment, in the following words and figures, viz:

" 3d April 1837. I John Gardner, of York Borough, Pennsylvania, having this day purchased of Adam Klinefelter, high sheriff of the county of York, a certain tract of land containing 190 acres more or less, with the improvements, &c., situate in Manheim township, at and for the sum of $1000, sold by the said Adam Klinefelter as high sheriff of said county, as the property of Michael Smith; in consideration aforesaid I promise to pay to the said Adam Klinefelter, high sheriff of said county, or his assigns, the just and full sum of $1000 on the 3d day of April inst. And further, we do hereby empower any attorney of any court of record of this commonwealth to appear for us and confess judgment against us, as for the aforesaid sum, with stay of execution until the day of payment. Witness our hands and seals.

" John Gardner, [L. s.]
[L. s.]

" For the above property make the deed to Martin Shearer, Esq.
"3d April 1837. John Gardner," [L. s.]

Upon which judgment was entered February 20, 1840, to January Term 1840, No. 142, in the Common Pleas of York County, prout said bond, warrant of attorney and judgment. The writ of *venditioni exponas* No. 7 of April Term 1837, upon which said rule was made, was returned by said Klinefelter on the 5th day of April 1837, as follows:—" Tract of land sold to Martin Shearer for the sum of $1000," and a deed acknowledged to Martin Shearer for said land on the same day, according to the direction of said

[Gardner v. Klinefelter.]

Gardner in writing upon said bond, prout said *venditioni exponas* the return thereto, the said deed and the said direction in writing.

Extract from the record:

"November 5, 1840.—Rule on late sheriff Klinefelter to show cause why he should not bring into court the proceeds of sale with the interest thereon in this case, returnable on the 7th December 1840. December 24th, 1840, sheriff directed to bring into court the principal, and rule discharged as to the interest. December 31, 1840, Mr Klinefelter paid into court $939.14."

The costs to which the said Klinefelter was entitled, and for which he is liable, amount to $51.45. On the 7th May 1841, the defendant paid to the plaintiff upon the said judgment the sum of $1018.33.

If the plaintiff is entitled to interest on his bond from 3d April 1837, till paid, then judgment in his favour for $281.07. If he is not entitled as above, but is entitled to interest on the unpaid balance of the judgment (being costs), then judgment for him for $33.75. If he is entitled to interest only from the time he paid the money into court, and only upon the amount paid into court, then judgment for defendant.

On the 4th June 1841, the Supreme Court reversed the decree of the Common Pleas of York county, and decreed the proceeds of the sale of the real estate of Michael Smith to Martin Shearer; which decree was filed in the Common Pleas on 27th September 1841. On the same day, on the application of James Lewis, Esq., executor of John Gardner, deceased, said executor was subrogated to the right of Martin Shearer to receive the proceeds of said sale.

The court entered judgment for plaintiff for $281.07, which was now assigned for error.

*Campbell*, for plaintiff in error, cited 1 *Watts & Serg.* 142; 3 *Binn.* 121.

*Chapin*, for defendant in error, cited 4 *Watts* 49.

The opinion of the Court was delivered by

KENNEDY J.—It is difficult to conceive upon what principle the court below held the plaintiff there, who is the defendant here, entitled to recover interest upon the principal sum mentioned in the bond from its date, the 3d April 1837. It is made payable on the day it bears date; and had it been the intention of the parties that it should have borne interest if not paid on that day, it is probable that it would have been so expressed; especially when we consider the particular circumstances under which it was given. It is said, by the counsel for the executor of Gardner, that Gardner purchased or bid off the property at the sheriff's sale for his client, Martin Shearer, who had a lien upon it more than equal in amount to the purchase money, which was $1000;

[Gardner v. Klinefelter.]

and being the earliest lien in point of time, as he conceived, he therefore claimed the purchase money. That Gardner purchased for Shearer is clear from the statement of the case, for he directed the sheriff, in writing under his hand, to make the deed perfecting the sale to Shearer, which was accordingly done. And that Shearer claimed the money arising from the sale is equally clear; for after a decree of the court below deciding against his claim to it, and giving it to another, it appears by the case stated that he obtained a decree of this court on the 4th June 1841, reversing that of the court below, and giving the money to him. From these circumstances it may be fairly inferred that the obligation in question was given by Gardner to the sheriff, to be paid only in the event of the sheriff's being called on and required to pay the purchase money to some other than Shearer. But the sheriff was not called upon to do so, as it would seem, until the 5th November 1840, when a rule in the court below was taken upon him to show cause why he should not bring into court the proceeds of the sale, with interest thereon, which was made returnable on the 7th of December 1840. The court made the rule absolute only as to the principal sum, but discharged it as to the interest. After which, on the 31st of the same month, the sheriff paid into court $939.14, being part of the principal of the purchase money; something less than the balance thereof, after deducting the costs, for which the sheriff was liable, amounting to $51.45. But, on the 7th May 1841, the executor of Gardner paid to the sheriff $1018.33, being the amount of the money paid into court by the sheriff, with interest thereon from the time he paid it; so that the sheriff was thus reimbursed, with interest thereon, all the money that he had been required to pay, and all that he can now be said to be bound to pay. Upon what principle, then, is it that he can demand or ought to be allowed more? It must be borne in mind that he acted as an officer appointed by law, and in a ministerial and fiduciary character, in what he did; and that the law is watchful, if not jealous, of its officers as to the manner in which they discharge the duties appertaining to their offices. The sheriff is allowed certain fees as a compensation for all the duties and services that he is required to perform, and is forbidden, under a penalty, to receive, or, at least, to demand more. The object of the law in making such regulation and prohibition was to prevent the sheriff from delaying the execution of the duties of his office, to the prejudice of any one, until he should be paid for it something beyond what the law allowed, or from granting favour to any one by forbearing to do what his duty required with reasonable promptitude. The expediency of the regulation cannot be questioned; and I take it to be the duty of the courts to carry it out to its utmost extent, by applying it to every thing either growing out of or appertaining to the execution of the duties of their officers, whether immediately or medi-

ately. A sheriff will not be permitted to take of a purchaser, for property sold by him under judicial process, when it may not be convenient for the purchaser to pay the cash in hand, a bond, bill, or note, securing the payment of a larger sum in money than the price for which the property was sold; for if he may add one dollar to the price more than what he is bound to account for himself, he may add fifty or a hundred, and thus practise a course of oppression, if not extortion, which could not be tolerated. But if the sheriff takes a bill for that amount, as in the present case, and he is not called upon for years afterwards to pay the money, and then is only required to pay the price bidden for the property, without interest, to allow him to recover interest on the bill from its date, though he has never even paid all he was required to pay, would in effect, as it appears to me, not only be rewarding him for a breach of his duty, but permitting him to speculate and make profit on judicial sales made by him, by improperly withholding the moneys arising therefrom from the parties entitled to receive the same, as long as possible, that he might, during the interim, receive the interest thereon for his own use and benefit. To allow a sheriff to recover interest under such circumstances would be contrary to the whole policy of the law, which requires from him a faithful and diligent execution of the duties of his office, and will not suffer him to claim or to receive anything that might, in the slightest degree, interfere with his doing so. The judgment of the court below is therefore reversed, and judgment rendered by this court in favour of the plaintiff in error, who was the defendant below.

Judgment reversed, and judgment for defendant.